IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL BURTON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  05-4872 |
| | : | |
| **GERALD ROZUM, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : : : : : : | |

# MEMORANDUM

**MURPHY, J.**                                                                                              **October 30, 2024**

Over 18 years after the denial of his petition for writ of habeas corpus, Michael Burton moves for relief under Federal Rule of Civil Procedure 60(b)(2) & 60(b)(6).  We deny his motion as an unauthorized second or successive habeas petition.  We also deny the motion to appoint counsel, the motion for discovery, and the motion to stay as moot.  We also deny him a certificate of appealability because jurists of reason would not debate our decision to procedurally deny the claims presented in his motion.

**I.       Background and Procedural History**[1]

In April 1999, a jury found Michael Burton guilty of "three counts of robbery of a motor vehicle, one count of terroristic threats, unlawful restraint, recklessly endangering another person, violating the Uniform Firearms Act, possessing an instrument of crime and flight to avoid prosecution."  DI 10 at 2.  Following a second trial of counts unresolved by the first trial,

---

[1] Magistrate Judge Rueter provided a Report and Recommendation on February 8, 2006 that more fully explains the factual background and procedural history of this case.  We therefore incorporate it by reference.  *See Gonzalez v. Smith*, 2023 WL 3767735, at *1 n.1 (E.D. Pa. June 1, 2023).

on March 10, 2000, Mr. Burton was found guilty of "one count of first-degree murder, two counts of second-degree murder, two counts of attempted murder, five counts of robbery, and one count each of criminal conspiracy, possessing an instrument of crime and violations of the Uniform Firearms Act." *Id.* Mr. Burton was sentenced to "three consecutive life terms for the three murder convictions, and concurrent prison terms of ten to twenty years for each count of attempted murder, five to ten years for each of the robbery counts, and five to ten years for conspiracy." *Id.*

The two convictions and Mr. Burton's sentences were affirmed after appeal. *See Commonwealth v. Burton*, 788 A.2d 1026 (Pa. Super. Ct. 2001). Mr. Burton filed two PCRA claims, which were unsuccessful. *See Commonwealth v. Burton*, 3540 EDA 2003 (Pa. Super. Ct. 2004); *Commonwealth v. Burton*, No. 2611 EDA 2013, 2014 WL 10917307 (Pa. Super. Ct. 2014). Mr. Burton filed another PCRA claim earlier this year that is pending in the Court of Common Pleas of Philadelphia County. *See Commonwealth v. Burton*, No. CP-51-CR-0202141-1997 (Pa. Ct. Comm. Pl. Phila. Cnty. May 31, 2024) (PCRA filed).

Mr. Burton also sought habeas relief in federal court in the present case. *See* DI 1. Mr. Burton raised four arguments: "(1) petitioner helped the District Attorney ('D.A.') in solving the case and the D.A. used petitioner's testimony against him, thus breaching his agreement with the D.A.; (2) trial counsel was ineffective for permitting jurors to view mug shot photographs of petitioner; (3) the trial court abused its discretion in allowing evidence of the crimes that petitioner committed at the time of his arrest; and (4) trial counsel was ineffective for failing to request a limiting instruction with respect to the evidence of 'other crimes.'" DI 10 at 3-4. Judge Rueter rejected all four arguments in his Report and Recommendation. *See id.* On March

2

27, 2006, Judge Davis adopted the Report and Recommendation and denied Mr. Burton a certificate of appealability based on Judge Rueter's recommendation.  DI 14; DI 10.

Mr. Burton filed the at-issue Rule 60(b) motion on July 5, 2024, over 18 years after Judge Davis adopted Judge Rueter's Report and Recommendation.  DI 23.  Mr. Burton argues that newly discovered evidence creates an extraordinary circumstance under Rule 60(b)(6) that should grant him relief from the judgement of this court denying his initial habeas claim.

Mr. Burton argues that several identified cases constitute newly discovered evidence that demonstrates Assistant District Attorney Richard Sax has a history of "intentional prosecutorial misconduct."  *Id.* at 6-11 (citing *Natividad v. Raley*, No. 22-5061 (E.D. Pa. filed Dec. 20, 2022); *Natividad v. Beard*, No. 08-449, 2021 WL 3737201 (E.D. Pa. Aug. 24, 2021); *Martinez v. DelBalso*, No. 19-5606 (E.D. Pa. filed Nov. 27, 2019); and *Commonwealth v. Patterson*, CP–51–CR–0012287–2007 (Pa. Com. Pl. Phila. Cnty. 2007)).  Mr. Burton argues that ADA Sax deliberately and knowingly withheld police statements given by witness Monica Hart and criminal history records related to witness Lonnie Conway in violation of *Brady*.  *Id.* at 8.

Mr. Burton offers a similar argument regarding the conduct of Detective Thomas Augustine.  *Id.* at 12-15, 17-19 (citing *Wright v. City of Philadelphia*, 229 F. Supp. 3d 322 (E.D. Pa. 2017); *Haak v. City of Philadelphia*, No. 97–6634 (E.D. Pa. Dec. 7, 2007); *Commonwealth v. Reid*, No. NO-8907-008-012, 1993 WL 1156018 (Pa. Com. Pl. Jan. 21, 1993); and *Commonwealth v. Woods*, 1367 EDA 2012, 2013 WL 11272488 (Pa. Super. Ct. Apr. 16, 2013)).  Mr. Burton cites additional cases as support for his assertion that Detective Augustine has a pattern of misconduct, and that the Commonwealth was aware of the misconduct.  Burton claims that Detective Augustine illegally influenced Monica Hart to change her testimony and identify

Mr. Burton as "one of the shooters" in his trial. *Id.* at 18-19.

The Philadelphia District Attorney's Office ("DA's Office") responded to Mr. Burton's motion, arguing that it should be denied. DI 32. The DA's Office contends that Mr. Burton's motion is not a true Rule 60(b) motion and is, instead, an unauthorized second or successive habeas petition. *Id.* at 6. Because Burton has not received authorization from the court of appeals to file a second or successive habeas petition, the DA's Office argues we do not have jurisdiction to decide Mr. Burton's motion. *Id.* at 8. The DA's Office also argues in the alternative that even if Mr. Burton's motion could be construed properly as a true Rule 60(b) motion, it is untimely under Rule 60(c)(1). *Id.* at 5 n.4, 8 n.6.

We deny Mr. Burton's motion for the reasons explained below.

**II.     Analysis**[2]

The threshold issue we must decide is whether Mr. Burton's motion citing Federal Rule of Civil Procedure 60(b)(2) and 60(b)(6)[3] is really a second or successive habeas petition.

"[A] Rule 60(b) motion in the [28 U.S.C.] § 2254 context should be construed as a new habeas petition when it 'seeks vindication' of a 'claim,' *i.e.*, when the Rule 60(b) motion advances 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 441 (3d Cir. 2021) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 530-31 (2005)). This avoids "inconsistencies with the gatekeeping

---

[2] We construe Mr. Burton's motion liberally. *See Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019) (quoting *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010)) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.").

[3] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . (6) any other reason that justifies relief."

4

mechanism of" Congress's habeas laws, "which, as relevant here, impose[] *limitations* on a § 2254 petitioner's ability to bring a 'second or successive' habeas petitions." *Id.* (emphasis added) (quoting *Gonzales*, 545 U.S. at 529-31). But if "neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzales*, 545 U.S. at 533. A true Rule 60(b) motion will not rely on substantive arguments related to the resolution of prior claims on the merits but will instead attack a defect in the federal habeas proceeding, typically a procedural one. *Id.* at 532-33.

If a Rule 60(b) motion is really a mislabeled second or successive petition, there are three limitations a petitioner must overcome to avoid dismissal. *See* 28 U.S.C. 2244(b).

- *First*, the new claim cannot be the same claim for relief as one in their prior application. *See id.* § 2244(b)(1).

- *Second*, if the new claim is not the same as a previous claim, it will still be dismissed unless one of two exceptions apply. *See id.* § 2244(b)(2).

  - *Exception one* is that the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A).

  - *Exception two* is that the "factual predicate for the" new claim "could not have been discovered previously through the exercise of due diligence," and the facts, if proven, would demonstrate actual innocence by "clear and convincing evidence." *Id.* § 2244(b)(2)(B)(i)-(ii).

- *Third*, a habeas petitioner must move "in the appropriate court of appeals" to be allowed to bring a second or successive habeas petition before a district court. *Id.* § 2244(b)(3)(A).

Here, Mr. Burton's motion does not address any procedural defects in the prior habeas

proceedings in this case and instead asserts new claims concerning the validity of his underlying prior conviction based on *Brady*. *See* DI 23 at 7, 8, 19 ("Petitioner was deprived of critical *Brady* evidence that could have been used at trial . . . . " (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).  Mr. Burton's claims rely on evidence from findings in other cases, which Mr. Burton argues supports his efforts to set aside his conviction based on the history of prosecutorial misconduct and the suppression of evidence by ADA Sax and Detective Augustine.  Mr. Burton's motion does not discuss the court's previous ruling dismissing Mr. Burton's other habeas claims and does not challenge their dismissal, but instead raises new substantive claims related to the outcome of the trial leading to his conviction in state court.  Thus, Mr. Burton's motion is properly categorized as a second or successive habeas petition seeking to add new bases for habeas relief.  *See Gonzales*, 545 U.S. at 532-33.  Because Mr. Burton has not received the necessary precertification from the Third Circuit to file such a petition, we lack jurisdiction to entertain his claims. [4]  *See* 28 U.S.C. § 2244(b)(3)(A); *Lesko v. Sec'y Pa. Dep't of Corr.*, 34

---

[4] Even if we had considered Mr. Burton's motion to be a true Rule 60(b) motion, it still must be dismissed.

First, Mr. Burton cites to Rule 60(b)(6) throughout his motion, but to the extent that Mr. Burton argues we should relieve him from the final judgment of his previous habeas petition based on newly discovered evidence, the claim is properly characterized as a Rule 60(b)(2) motion and thus time-barred.  *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time — *and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order* or the date of the proceeding." (emphasis added)); Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)").  Mr. Burton filed the present motion over 18 years after this court entered an order adopting Judge Rueter's Report and Recommendation, far beyond the one-year limitation related to Rule 60(b)(2).

Second, even if Mr. Burton's motion was a true Rule 60(b)(6) motion, it is untimely without "extraordinary and compelling circumstances . . . justify[ing] the delay," which Mr. Burton has not identified.  *Williams v. Larkins*, 2023 WL 4552892, at *5 (E.D. Pa. July 14, 2023); *see also Jimenez v. Coleman*, 2023 WL 7544994, at *1 (E.D. Pa. Nov. 13, 2023) ("Courts

F.4th 211, 222 (3d Cir. 2022).

**III.** **Conclusion**

For the reasons explained above, we deny Mr. Burton's motion for relief and will not grant him a certificate of appealability for this ruling.[5]  Mr. Burton must first seek authorization from the Third Circuit before presenting new habeas claims here.  *See* 28 U.S.C. § 2244(3).

---

have generally deemed motions filed more than a year after the denial of relief as untimely, absent extraordinary circumstances that excuse the party's failure to proceed sooner." (cleaned up)); *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346, 1348 (3d Cir. 1987) ("[W]e . . . conclude that the plaintiffs' request for a new trial [under Rule 60(b)(6)] almost two years after the original trial was not brought within a reasonable time.")

[5] The Third Circuit has said a certificate of appealability "is required when a petitioner appeals the denial of a Rule 60(b) motion seeking reconsideration of a dismissal of a habeas petition, even if that dismissal was on procedural grounds." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021). Deciding whether to issue a certificate of appealability under 28 U.S.C. § 2253 is a two-step process: we ask (1) whether the "underlying claim" brought by the petitioner is "'debatable' on the merits," and (2) "whether 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* at 283 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While Mr. Burton's claims may meet the low threshold as "debatable" on the merits, no jurists of reason could disagree with our procedural ruling denying Mr. Burton's motion as an unauthorized second or successive habeas petition, or, alternatively, as a time-barred Rule 60(b) motion. *Zabala-Zorilla v. Ferguson*, No. 19-544, 2023 WL 4759155, at *1 n.1 (E.D. Pa. Apr. 27, 2023). Thus, we deny Mr. Burton a certificate of appealability.